## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dayana Lopez-Martinez, and Nidia Lopez Martinez, | Case No. 23-cv-98 (JRT/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Midwest Resale Specialist Inc, | |
| Defendant. | |

This matter is before the Court on Plaintiffs Dayana Lopez-Martinez and Nidia Lopez Martinez's Motion to Appoint United States Marshals Service to Effect Service on Defendant Pursuant to LR 4.1.  ECF No. 4.

## I. BACKGROUND

On January 12, 2023, Plaintiffs Dayana Lopez-Martinez and Nidia Lopez Martinez filed suit against Defendant Midwest Resale Specialist Inc.  ECF No. 1.  A summons was issued as to Defendant the next day.  ECF No. 3.

On January 13, 2023, Plaintiffs hired Christopher J. Everheart, a professional independent process server, to effect service of the lawsuit upon Defendant through its agent registered with the Minnesota Secretary of State for Process.  ECF No. 4 at 2. Plaintiffs contend that when Mr. Everheart went to Defendant's office and attempted to serve Defendant with the summons and complaint in this matter, Defendant's employee "acted in a threatening manner toward Mr. Everheart."  *Id*.  According to Mr. Everheart, he "was intimidated and scared by this male individual employed by this Defendant and

felt that [Defendant's employee] might harm [him]," and is "afraid to go back given [this] conduct."  Everheart Decl. ¶¶ 19, 23, ECF No. 4-1.  Further, Plaintiffs contend that "Defendant has now instructed its front door security guard to block Plaintiffs' process server from its premises, making continued service attempts by a private process server untenable and potentially dangerous."  ECF No. 4 at 4-5.  Plaintiffs request that the Court appoint the United States Marshals Service to serve Defendant "to preserve the peace and safety of all participants and to ensure personal service is expeditiously accomplished.  *Id.* at 1.

## II. ANALYSIS

Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint," and "[t]he plaintiff is responsible for having the summons and complaint served."  When the defendant is a corporation, partnership, or other unincorporated association, the defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).  According to this District's Local Rules, "[t]he United States Marshals Service is not required to serve civil process for litigants, except as required by the Federal Rules of Civil Procedure or by federal law, or as ordered by the court for good cause."  D. Minn. LR 4.1.

Having considered Plaintiffs' motion and supporting documents, the Court denies

Plaintiffs' motion without prejudice.  At this time, the Court does not find good cause to

appoint the United States Marshals Service to serve Defendant because Plaintiffs have

failed to exhaust all potential service options.   Under Rule 4(d)(1), "[a]n individual,

corporation, or association that is subject to service . . . has a duty to avoid unnecessary

expenses of serving the summons. The plaintiff may notify such a defendant that an action

has been commenced and request that the defendant waive service of a summons."  Here,

Plaintiffs concede that they did not send Defendant a Notice of Lawsuit and Request to

Waive Service of a Summons.  While Plaintiffs believe that "it is unlikely that [Defendant]

would promptly execute a waiver of service" due to "Defendant's current and past

obstruction of process," ECF No. 4 at 5, Plaintiffs have not yet attempted this option.

Because Defendant may elect to waive service of the summons if given the option to do

so, Plaintiffs' motion is denied without prejudice.  In the event that Defendant does not

respond timely to a Notice of Lawsuit and Request to Waive Service of a Summons,

Plaintiffs may bring another motion to appoint the United States Marshals Service to effect

service.

### III. ORDER

Based upon the files, record, and proceedings herein, and for the reasons stated

above, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' Motion to Appoint United States Marshals Service to Effect

Service on Defendant Pursuant to LR 4.1, ECF No. 4, is **DENIED WITHOUT**

**PREJUDICE**.

2.      Plaintiffs shall notify Defendant that this action has been commenced and request that Defendant waive service of the summons in accordance with Fed. R. Civ. P. 4(d).[1]  Plaintiffs shall attach a copy of this Order.

Dated: January ___31___, 2023                           _____ s/Tony N. Leung _____
                                                                            Tony N. Leung
                                                                            United States Magistrate Judge
                                                                            District of Minnesota


                                                                            *Lopez-Martinez et al. v. Midwest*
                                                                            *Resale Specialist Inc.*
                                                                            Case No. 23-cv-98 (JRT/TNL)

---

[1] Service of Process forms are available on the United States District Court for the District of Minnesota website.